IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| USX CORPORATION, et al., ) | |
| ) | |
| Plaintiffs/Counterdefendants, ) | |
| ) | Civil Action No. CV-95-C-3237-S |
| v. ) | |
| ) | |
| TIECO, INC., et al. ) | |
| ) | |
| Defendants/Counterplaintiffs. ) | |

**MOTION TO DISQUALIFY**

United States Steel Corporation, a Delaware corporation and successor by merger to USX Corporation and United States Steel LLC (hereinafter "USS"), moves this Court, if it does not deny both motions forthwith, to disqualify himself from any further proceedings in this matter pursuant to Canon 3(C)(1)(d)(iv) of the Code of Conduct for United States Judges and 28 U.S.C. § 455(a), (b)(1), and (b)(5)(iv), because it appears that TIECO's pending motions implicate the Judge's personal knowledge of disputed evidentiary facts relating to the post-remand proceedings, and that Judge Clemon may be a material witness going forward.[1] In support of its motion, USS states as follows:

**INTRODUCTION**

This motion is necessitated by TIECO's continued refusal to accept the finality of prior rulings issued by this Court and the Eleventh Circuit's findings of law in *United States Steel, LLC v. TIECO, Inc.*, 261 F.3d 1275 (11th Cir. 2001) ("*USS/TIECO I*"). While the appeal was pending, TIECO filed a second lawsuit, *USS/TIECO II*,[2] based on the same alleged discovery

---

[1] USS does not contend that Judge Clemon is disqualified from denying TIECO's Rule 60(b) Motion or its Motion to Consolidate.
[2] On April 25, 2001, while this case was on appeal to the Eleventh Circuit, TIECO, through its counsel in this matter, filed an action in the Circuit Court of Jefferson County, Alabama, Bessemer Division, against USS, Robert E. Hilton, James B. Wager, and Kenneth Falls. That

1



conduct then under review before the appellate panel. The Eleventh Circuit ultimately affirmed this Court's dismissal of USS's claims as a sanction for the discovery conduct and held that USS was entitled to judgment as a matter of law on TIECO's counterclaims. *USS/TIECO I,* 261 F.3d at 1280, 1290-94.

After defeat in the Eleventh Circuit, on October 25, 2002, TIECO filed a Rule 60(b) Motion for New Trial ("Rule 60(b) Motion") based on the same discovery conduct in an untimely attempt to challenge the adequacy of the earlier sanction of dismissal of USS's claims. TIECO's Rule 60(b) Motion also requests leave to reopen discovery and seeks an evidentiary hearing before this Court rules on the Rule 60(b) Motion. On November 4, 2002, TIECO filed a Motion to Consolidate this matter with its second lawsuit, *USS/TIECO II,* pursuant to Rule 42(a). TIECO's filing of both motions attempts to evade the finality established by the Eleventh Circuit and is what has compelled USS to raise the issue of the Judge's disqualification to preside over matters that the Eleventh Circuit has put to rest. USS files this disqualification motion at the request of the Court and within a reasonable time of TIECO's actions that necessitated the motion.

TIECO's Rule 60(b) Motion must be denied because it is no more than an impermissible collateral attack on the Eleventh Circuit's rulings in *USS/TIECO I*, as discussed in USS's response in opposition. If, however, this Court grants TIECO's discovery request and/or grants the Rule 60(b) Motion, then the Judge's status as a potential material witness in any such proceedings would require recusal. Defendants' Motion to Consolidate likewise fails as a matter of law, as discussed in USS's response in opposition. If, however, the Court grants the Motion to Consolidate, then the Judge's personal knowledge of disputed evidentiary facts obtained while

---

action asserts claims of misrepresentation, deceit, suppression, and negligence based on the same alleged discovery conduct that was the basis for the sanction of dismissal of USS's claims during the trial of this matter and the Rule 60(b) Motion. USS subsequently removed that action to the United States District Court for the Northern District of Alabama, Southern Division, where it has been assigned Civil Action Number CV-01-RRA-1372-S ("*USS/TIECO II*").

presiding over the hearings concerning discovery and the imposition of sanctions suggests that the Judge could become a material witness in the consolidated case, since the seminal hearing was not transcribed, and the parties disagree over what occurred and its significance at the hearing.

## ARGUMENT AND CITATION OF AUTHORITIES

Under 28 U.S.C. § 455,[3] "a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist." *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989); *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (same). Furthermore, "the benefit of the doubt must be resolved in favor of recusal." *Murray*, 253 F.3d at 1310; *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987) (same). Whether recusal is required is to be determined objectively, not subjectively. *Liteky v. United States*, 510 U.S. 540 (1994). Section 455(a) addresses the appearance of impropriety. *Summers v. Singletary*, 119 F.3d 917, 920 (11th Cir. 1997). The test under section 455(a) is whether an objective, fully informed lay observer, knowing all the circumstances, would entertain significant doubts about the judge's impartiality. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Disqualification is mandatory under section 455(b), which establishes a *per se* rule that lists certain circumstances requiring recusal. *Singletary*, 119 F.3d at 920; *United States v. Alabama*, 828 F.2d at 1541.

---

[3] 28 U.S.C. § 455 provides, in relevant part, rules governing when a judge should recuse himself:

> (a) A judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned ...
>
> (b)(1) He shall also disqualify himself ... Where he has ... personal knowledge of disputed evidentiary facts concerning the proceeding ...
>
> (b)(5)(iv) He ... to the judge's knowledge [is] likely to be a material witness in

3

The potential for conflicts of interest are readily apparent here because (1) TIECO has filed a second lawsuit, *USS/TIECO II,* seeking to impose tort liability upon USS and others arising from the conduct of discovery in *USS/TIECO I;* (2) TIECO has moved to reopen discovery in, and to retry, the current case (despite the Eleventh Circuit's mandate to this Court that judgment be entered); and (3) TIECO has moved to consolidate the two actions.

TIECO's Rule 60(b) Motion is based on the same discovery conduct that occurred over three years ago and led to this Court's dismissal of USS's claims as a sanction. According to this Court's November 9, 1999 opinion dismissing USS's claims, much of the conduct at issue occurred during an unreported in-chambers conference on October 14, 1999. *See USX Corp. v. TIECO, Inc.*, 189 F.R.D. 674, 676 (N.D. Ala. 1999). This conference is not part of the record in this matter, and since there is no transcript of the hearing, what there occurred will be in dispute in *USS/TIECO II.* Because of the Judge's involvement at this critical hearing, where counsel made representations about their understanding of discovery requests, relevance, and USS's previous production of documents, representations that were not transcribed and will be critical to questions of tortious intent in *USS/TIECO II,* the Judge has personal knowledge of evidentiary facts that TIECO has now put into dispute in the second lawsuit. TIECO itself characterizes the issue in "the instant case and the related case (*USS/TIECO II)* [as] USX's control of the documents and information in its possession and its selective use and misuse of these records ... [and] USX's failure to produce this relevant information[.]" *See* Motion to Consolidate at ¶ 9, pg. 4.

Under these extraordinary circumstances, the Judge is not being asked merely to preside over another civil case involving the same or similar parties. Instead, the Judge is being asked to

---

the proceeding.

preside over a second lawsuit seeking to impose tort liability as a direct result of discovery conduct in the first lawsuit. In other words, the facts at issue in *USS/TIECO II* arise from the facts surrounding disputed discovery conduct in *USS/TIECO I*, some of which occurred before the Judge and at hearings where the Judge himself was a participant. If the cases are consolidated, at the very least, the Judge would be required to consider whether his previous findings of fact imposing sanctions under Fed. R. Civ. P. 37 would have any preclusive effect on the question of tort liability in *USS/TIECO II*.

This Court's November 9, 1999 opinion cannot be admitted in lieu of testimony in *USS/TIECO II* to prove the alleged conduct because it is inadmissible hearsay. The Eleventh Circuit unambiguously held in *USS v. TIECO* that factual findings in a judicial opinion in a separate case are inadmissible hearsay under Fed. R. Evid. 403. 261 F.3d at 1287. Because this Court's opinion would be inherently prejudicial, inadmissible hearsay in *USS/TIECO II*, and because the facts with respect to the alleged discovery conduct are at issue, the parties will have to offer testimony on those facts. Such testimony can come only from the individuals present when the alleged conduct occurred, including the Judge and counsel. Thus, there is a real possibility the Judge will be needed as a witness as to what occurred at the unrecorded conference.

Canon 3(C)(1)(d)(iv) of the Code of Conduct for United States Judges and 28 U.S.C. 455(b)(5)(iv) state that a judge must disqualify himself from a proceeding if he is likely to be a material witness in the same proceeding. Disqualification under these circumstances is mandatory and cannot be waived by the parties. *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1114 (5th Cir. 1980). The Judge likely will be a material witness if discovery is granted under the Rule 60(b) Motion, as well as in *USS/TIECO II*, and certainly will be a witness if the cases are consolidated, due to his involvement in the conduct at issue. As a result, the Judge is required to disqualify himself in this case if the Rule 60(b) motion, or discovery related to that motion, is granted and in *USS/TIECO II*, if it is consolidated with this case. *See United*

*States v. Yagid*, 528 F.2d 962, 965 (2d Cir. 1976)("The fact that Judge Carter might be called as a witness at retrial warrants assigning the retrial to a different judge."); *Black v. Kendig*, 2002 U.S. Dist LEXIS 20568 at *7-*9 (D.D.C. October 28, 2002)("Indeed, there is one view of the matter that suggests that it is not too far fetched to imagine that I could become a witness in this case if the parties differ bitterly as to what occurred at the settlement discussions . . . . While I cannot predict with certainty that any of this will occur, the possibility that I might have to be a witness gives me pause. If, in the interim, I provide Judge Sullivan with a Report and Recommendation that speaks to the very issue about which I might have to testify, I would be acting as witness and judge in the same case. I cannot imagine how any one could possibly defend such a curious mixing of roles. I surely believe that any reasonable person would find that co-mingling highly offensive to the appearance of impartiality. . . . I, therefore, have decided to recuse myself from issuing the Report and Recommendation.").

      Additionally, even if the Judge were not a potential witness with respect to the Rule 60(b) motion, and the motion to consolidate were not granted, the likelihood of his being a witness in *USS/TIECO II* would require his disqualification in this action under § 455(a) because of the appearance of impropriety or partiality that would flow from his testifying in what TIECO itself characterizes as a related action on related matters. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988); *see also Kelly*, 888 F.2d 744 (11th Cir. 1989); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524-25 (11th Cir. 1988).

      Section 455(a) does not require that the circumstances create any actual bias on the part of the judge and is applicable "even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible." *Liljeburg*, 486 U.S. at 859-60; *see also Limeco, Inc. v. Division of*

*Lime*, 571 F. Supp. 710, 711 (N.D. Miss. 1983)("It is well settled by all legal authorities that even if no bias or prejudice of a judge may actually exist, it is enough to disqualify that there be the mere appearance of partiality. Judicial ethics 'exact more than virtuous behavior; they command impeccable appearance. Purity of heart is not enough. Judges' robes must be as spotless as their actual conduct.'").

As discussed above, under § 455(b)(5)(iv), where a judge may be called to testify in an action, he cannot preside in that action. While a judge being a witness in a related proceeding may not fall strictly within § 455(b)(5)(iv), there would be to a third party an appearance of impropriety for a judge to testify in one proceeding while continuing to preside over a separate proceeding involving the same facts and issues as to which the judge is testifying in the first action. Under these circumstances, even where there is no actual partiality, the Court should resolve any doubt in favor of disqualification.

**WHEREFORE,** pursuant to Canon 3(C)(1)(d)(iv) of the Code of Conduct for United States Judges and 28 U.S.C. § 455(a), (b)(1) and (b)(5)(iv), because Judge Clemon has personal knowledge of disputed evidentiary facts and will likely be a material witness, USS respectfully requests as follows:

(a) in the event the Rule 60(b) motion, or discovery related thereto, is granted, Judge Clemon recuse himself in this matter; and

(b) in the event this case is consolidated with *USS/TIECO II,* Judge Clemon recuse himself in the consolidated action.

_____
Attorney for Plaintiff/Counterclaim
Defendant United States Steel Corporation

7

**OF COUNSEL:**
Warren B. Lightfoot (LIGHW9552)
Jere F. White, Jr. (WHITJ1759)
William O. L. Hutchinson (HUTCW4361)
**LIGHTFOOT, FRANKLIN & WHITE, L.L.C.**
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

John J. Dalton
June Ann Sauntry
**TROUTMAN SANDERS, LLP**
Bank of America Plaza
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308-2216

John B. Tally, Jr.
William Waudby
**LANGE, SIMPSON, ROBINSON & SOMERVILLE**
2100 3rd Avenue North
Suite 1100
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel listed below by placing a copy in the U.S. Mail properly addressed and first class postage prepaid on this 27th day of December, 2002.

J. Mark White, Esquire
Linda G. Flippo, Esquire
Steve Arnold, Esquire
**WHITE, DUNN & BOOKER**
290 21st Street North
Suite 600
Birmingham, AL 35203

_____
OF COUNSEL