

FILED

2005 Jun-15  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States Court of Appeals

### For the Eleventh Circuit

2005 JUN 15 PM 1:59

No. 04-14893

District Court Docket No.
95-03237-CV-HS-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 16, 2005

THOMAS K. KAHN
CLERK

USX CORPORATION,
HEATHERWOOD GOLF CLUB, INC.,

Plaintiffs-Counter-
Defendants-Appellees,

versus

TIECO, INC.,
ATOZ MANAGEMENT, INC.,
FLETCHER YEILDIING,

Defendants-Counter-
Claimants-Appellants,

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Northern District of Alabama

## J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE

JUN 1 4 2005

U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    May 16, 2005
For the Court:  Thomas K. Kahn, Clerk
By:    Gilman, Nancy

2005 JUN 15 PM 2:00

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 16, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14893
Non-Argument Calendar

D. C. Docket No. 95-03237-CV-HS-S

USX CORPORATION,
HEATHERWOOD GOLF CLUB, INC.,

Plaintiffs-Counter-
Defendants-Appellees,

versus

TIECO, INC.,
ATOZ MANAGEMENT, INC., et.al,

Defendants-Counter-
Claimants-Appellants.

Appeal from the United States District Court
for the Northern District of Alabama

**(May 16, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

TIECO, Inc., ATOZ Management, and Fletcher Yielding (collectively

TIECO) appeal the district court's denial of TIECO's Federal Rule of Civil

Procedure 60(b) motion for a new trial in its action against USX Corporation and

Heatherwood Golf Club, Inc. (collectively USX). TIECO claims the district court

abused its discretion by (1) denying TIECO's motion for a new trial, and

(2) denying TIECO an evidentiary hearing on its motion for a new trial. The

district court did not abuse its discretion, and we affirm.

## I. BACKGROUND

This litigation arose from the discovery by USX that USX's Heatherwood

Golf Club and its tractor shop, with the assistance of TIECO, performed an end-

run around USX's corporate procurement system. USX filed an action against

TIECO on December 15, 1995 asserting claims pursuant to 28 U.S.C. §§ 1331,

1367, and 18 U.S.C. § 1964. TIECO filed a counterclaim against USX, asserting

causes of action for civil conspiracy, violation of 42 U.S.C. § 1983, malicious

prosecution, abuse of process, interference with business relations, interference

with employee relations, misrepresentation, defamation, and selective prosecution.

During trial, the district court dismissed all of USX's claims as a sanction

for discovery abuse. USX had failed to produce requested documents dealing with

Cushman vehicles and the tractor shop. The dismissal of USX's claims took place

2

while the jury was deliberating. After, and in accordance with the jury's verdict, the district court entered an order awarding TIECO $7,175,000 on its counterclaims. USX appealed both the sanction of dismissal and the jury verdict on TIECO's counterclaims.

On appeal, this Court sustained the dismissal of USX's claims as a discovery sanction, reversed the district court's entry of judgment on TIECO's jury verdict, and remanded for entry of judgment for USX on TIECO's counterclaims. This Court remanded the case because probable cause existed for USX to prosecute TIECO, thus precluding TIECO's counterclaims.

TIECO now requests another trial pursuant to Federal Rule of Civil Procedure 60(b)(3), claiming it has established a colorable claim of fraud on the court and misconduct by USX that prevented TIECO from presenting a full and fair presentation of its counterclaims.

## II. DISCUSSION

TIECO claims it is entitled to a new trial because of USX's discovery abuses before, during, and after trial. TIECO claims because of these abuses, it was unable to fully and completely present its counterclaims. TIECO asserts the documents dealing with Cushman vehicles and the tractor shop, which USX was sanctioned for not producing, caused TIECO's judgment to have been obtained

3

through fraud, misrepresentation, or other misconduct. TIECO further claims an affidavit by former Attorney General Investigator Larry Miller provided to TIECO in August of 2002 regarding USX's failure to disclose exculpatory evidence to the Attorney General's Office for purposes of its criminal investigation constitutes newly discovered evidence.

USX claims this case has already been decided under the law of the case doctrine.[1] USX claims because the evidence it was sanctioned for not providing at trial was before us on the first appeal, we have already ruled in USX's favor with the relevant evidence before us.

We review both the denial of a Rule 60(b) motion for a new trial, and the denial of an evidentiary hearing under the abuse of discretion standard. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004), *American Bankers Ins. Co. v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). A Rule 60(b)(3) movant has the burden of proving by clear and convincing evidence that (1) the judgment has been obtained through fraud, misrepresentation, or other misconduct, and (2) the conduct complained of

---

[1] "Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case. The law of the case doctrine, however, bars consideration of only those legal issues that were actually, or by necessary implication, decided in the former proceeding." *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000) (internal quotations and citations omitted).

4

prevented the movant from fully and fairly presenting its case. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).[2]

We need not decide whether the law of the case doctrine applies, because we agree with the district court that none of the discovery TIECO could obtain would change in any meaningful or relevant way the earlier ruling of this Court that the accounting/billing scheme supplied sufficient probable cause for USX's actions against TIECO. The documents produced by USX after trial (and made part of the appellate record in the earlier appeal), or evidence derived from those documents would not change this Court's ruling on probable cause.

We also agree with the district court that any evidence that may be subsequently developed by TIECO about what USX knew about the truth of the allegations made to the Attorney General's Office and when it knew it, or USX's level of participation in the decisions of the Attorney General's Office, would not change this Court's probable cause analysis.

---

[2] In TIECO's reply brief, it further claims the district court should have awarded a new trial under Federal Rule of Civil Procedure 60(b)(2). Because TIECO did not argue this avenue for relief in its initial brief, this argument is deemed abandoned. *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2001).

5

## III. CONCLUSION

We find the district court did not abuse its discretion in (1) denying

TIECO's motion for a new trial, and (2) denying TIECO an evidentiary hearing on

its motion for a new trial.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit
By:
Deputy Clerk
Atlanta, Georgia

6

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

2005 JUN 15  PM 1:59

**Thomas K. Kahn**
  Clerk

For rules and forms visit
www.ca11.uscourts.gov

June 14, 2005

Perry D. Mathis
Clerk, U.S. District Court
1729 5TH AVE N STE 140
BIRMINGHAM  AL  35203-2050

**Appeal Number: 04-14893-FF**
Case Style: USX Corporation v. TIECO, Inc.
District Court Number:  95-03237 CV-HS-S

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: two folders, four boxes
    Original record on appeal or review, consisting of: thirteen volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed
to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being mailed to counsel and pro se parties. A copy of the court's decision
was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (03-2004)